# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KEITH ERIC JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08CV00058 ERW |
| | ) | |
| CENTRAL MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Keith Eric Johnston (registration no. 185714) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee. The Court will assess an initial partial filing fee of $21.16. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint and supplement, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $105.80, and an average monthly balance of $6.36. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.16, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint and Supplement**

Plaintiff, an inmate at Southeast Correctional Center ("SCC"), brings this action for the violation of his constitutional rights under 42 U.S.C. § 1983. In addition, he asserts a pendent state-law claim for medical malpractice. Named as defendants are Correctional Medical Services ("CMS"), Unknown Cabrera (a medical doctor at the Northeast Correctional Center), Unknown Bowne (an ears, nose, and throat specialist in Mexico, Missouri), Unknown Renner (a medical doctor in Columbia, Missouri), Unknown Parkman (a correctional officer at SCC), and Unknown Dare (a correctional officer at SCC). All parties appear to be Missouri residents. Plaintiff seeks monetary relief, as well an order transferring him to another facility.

Plaintiff's allegations against CMS and doctors Cabrera, Bowne, and Renner concern the medical treatment they rendered, or failed to render, to him from May 2007 to the present. In addition, plaintiff claims that correctional officers Parkman and Dare, have "put [him] at risk" by announcing over the loud speaker that plaintiff is "a snitch." Plaintiff further alleges that Parkman and Dare are harassing him and making "negative statements while in [plaintiff's] presence." Last, plaintiff claims that defendant Dare issued him a false conduct violation for the possession of contraband.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not claim that any of the alleged constitutional violations are the result of a CMS policy or action or to an action by anyone representing CMS official policy. Rather, he alleges that his medical claims are due to the actions of the individual defendant doctors who allegedly misdiagnosed and mistreated him. "A corporation acting under color of state law will beheld liable only for its own unconstitutional policies." See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Because plaintiff does not identify any alleged CMS official policies or customs, the complaint is legally frivolous as to this defendant.

To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g.,

-4-

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).  Plaintiff does not allege that defendant doctors Bowne and Renner are state actors under § 1983.  Moreover, even assuming *arguendo* that defendants Bowne and Renner are state actors, the Court notes that the complaint is silent as to whether they are being sued in their official or individual capacities.  In addition, the complaint is silent as to whether defendants Cabrera, Parkman, and Dare are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Official-capacity suits are tantamount to suits directly against the public entity of which the official is an agent.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the alleged constitutional violations, the complaint fails to state a claim or cause of action under § 1983 as to the individual defendants in their official capacities.

Given that plaintiff's federal claims will be dismissed, his remaining pendent state claims for medical malpractice should be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ( if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion"). Moreover, even if the Court were to construe the complaint as having been brought under 28 U.S.C. § 1332, the action would be dismissed for lack of subject matter jurisdiction. Although the amount in controversy exceeds $75,000, diversity of citizenship is lacking. See 28 U.S.C. § 1332.

Last, the Court notes that transfers to another prison are entirely within the discretion of prison officials. Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984). Moreover, prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Murphy v. Missouri Dept. of Correction, 769 F.2d 502, 503 (8th Cir. 1985).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $21.16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 5th Day of December, 2008.

                                                                                  *E. Richard Webber*
  
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE